953 F.2d 638
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
J. Laurence MILLISON, Plaintiff-Appellant,
v.
Adele WILZACK, individually; Martin W. Walsh, Jr.,
individually; Nelson Sabatini, as Secretary of the Maryland
Department of Health and Mental Hygiene; Robert Perciasepe,
as Secretary of the Maryland Department of the Environment;
the Maryland Department of Health and Mental Hygiene; the
Board of County Commissioners for St. Mary's County, also
known as the County Commissioners for St. Mary's County, a
body politic and a municipal body corporate and municipality
under the laws of Maryland; the Maryland Department of the
Environment, Defendants-Appellees.
 No. 91-2568.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 29, 1991.
Decided Jan. 13, 1992.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore, No. (CA-90-2673-MJG), M.J. Garbis, District Judge.
 Argued: David McKivitt Williams, Chestertown, Md., for appellant; Neil Falck Quinter, Assistant Attorney General, Maryland Department of the Environment, Baltimore, Md., for State appellees; Carol Brenick O'Keeffe, Levan, Schimel, Belman, Abramson & Scalnal, P.A., Columbia, Md., for appellee Board of County Commissioners.
 On Brief: J. Joseph Curran, Jr., Attorney General of Maryland, Maryland Department of the Environment, Baltimore, Md., for State appellees; Robert H. Levan, Levan, Schimel, Belman, Abramson & Scalnal, P.A., Columbia, Md., for appellee Board of County Commissioners.
 D.Md.
 AFFIRMED.
 Before PHILLIPS, SPROUSE, and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Millison in his complaint below against the Board of County Commissioners of St. Mary's County and other Maryland public agencies and officials claimed that the application of sewage regulations to his property constituted a taking without just compensation in violation of the fourteenth amendment. The district court dismissed the complaint, adopting the suggestion of a magistrate judge that it abstain from deciding the controversy on both Pullman and Burford grounds. We conclude that the district court properly abstained under Burford. Accordingly, we affirm.
 
 
 2
 * Millison owns 181 acres of waterfront property in St. Mary's County, Maryland. In 1964, the previous owners subdivided part of the property, referred to as the "Tarkill Subdivision." According to Millison's complaint below, all official approvals were obtained. At the time of the subdivision, there was no requirement that the subdivision plat be recorded in the land records of the county. Millison subsequently obtained the land in 1966.
 
 
 3
 In 1972, the Maryland Department of Health and Mental Hygiene ("DMH") adopted "Regulations Governing Water Supply and Sewerage Systems in the Subdivisions of Land." The regulations contained a provision which apparently grandfathered any subdivision which had already been approved, so long as the subdivision plat was recorded within six months after the regulations were adopted.[1] Unfortunately for Millison, he did not record the Tarkill Subdivision plat until 1974, more than two years after the sewage regulations were adopted.
 
 
 4
 Shortly after Millison recorded the plat, the DMH filed suit against Millison in Maryland state court. The complaint requested a declaration that the plat was null and void because the property did not comply with the water and sewage regulations, and because Millison had not recorded the plat within the six month grace period. The requested relief was ultimately granted by the Maryland Court of Special Appeals, and the plat was expunged from the land records. Millison v. Sec. of Health and Mental Hygiene, 32 Md.App. 165, cert. denied, 278 Md. 728 (1976) (Millison I ). Millison made no counterclaim for damages in Millison I.
 
 
 5
 In 1987, Millison demanded compensation from the Maryland Department of the Environment for the "taking" of his land. The agency declined to compensate him, and he filed an inverse condemnation action against the Department of the Environment and others in state court. The state trial court granted summary judgment in favor of the defendants on res judicata and statute of limitations grounds. The Court of Special Appeals of Maryland affirmed based on the statute of limitations, but did not address the issue of res judicata. Millison v. Wilzack, 77 Md.App. 676, cert. denied, 315 Md. 307 (1989) (Millison II ).
 
 
 6
 On December 14, 1989, Millison filed a third action in state court arising out of the same facts as the earlier cases. The state trial court again granted summary judgment in favor of the defendants. (Millison III ). While an appeal was pending, Millison filed this action in the federal district court of Maryland.[2] The Maryland Court of Special Appeals has subsequently affirmed the decision of the Maryland trial court, and has warned Millison that he risks sanctions if he files another action. Millison v. Wilzack, No. 1317 (Md.Ct.Spec.App. June 25, 1991), cert. denied, 324 Md. 325 (1991).
 
 
 7
 After Millison filed the complaint below, the defendants filed a motion to dismiss, or in the alternative, for summary judgment, and a motion for sanctions. These motions were referred to a magistrate judge who, sua sponte, recommended that the district court abstain from deciding the controversy. The magistrate judge concluded that both the Pullman and the Burford abstention doctrines applied to the case, and that the district court should therefore dismiss the complaint without prejudice, rather than stay the proceedings. The district court adopted the recommendation and report of the magistrate judge, denied Millison's motion for a stay, and dismissed the action. This appeal followed.
 
 II
 
 8
 Millison basically contends on appeal that the district court should not have abstained on Burford grounds. If the district court had abstained on Pullman grounds alone, the proceeding below would have been stayed, rather than dismissed. The difference to Millison is vital; if the action is dismissed, a new action would apparently be barred by the statute of limitations.
 
 
 9
 Burford abstention, which takes its name from Burford v. Sun Oil Co., 319 U.S. 315 (1943), is generally applied when cases involve matters subject to complex state regulatory schemes. The Supreme Court's recent decision in New Orleans Public Service, Inc. v. New Orleans, 491 U.S. 350 (1989) (NOPSI), summarized the case law in this area and articulated the standard for applying Burford abstention:
 
 
 10
 Where timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar; or (2) where the exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.
 
 
 11
 Id. at 361 (citation and internal quotation marks omitted).
 
 
 12
 We have recognized that abstention is particularly appropriate in cases involving land use regulation. See Front Royal and Warren County Industrial Park Corp. v. Town of Front Royal, Va., 945 F.2d 760, 783 (4th Cir.1991). In light of the fact that Millison's claims involve the application of complex local sewage regulations to his property, as well as the fact that Millison has already been involved in three state court proceedings which addressed the validity of these regulations as applied to Millison, we conclude that this case involves "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result" in this case. NOPSI, supra at 361. Accordingly, we are not persuaded that the district court abused its discretion in deciding to abstain on Burford grounds.
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 Maryland Agency Rule and Regulation 10.03.28.07 provided:
 Any Preliminary Plan or Record Plat of a subdivision which has been submitted to the Approving Authority prior to the date of adoption shall not be required to comply with these regulations, if final approval and recordation, where required by law, is completed no later than six months from the date of adoption.
 
 
 [2]
 Millison's complaint below contains five counts. Count One claims that a constitutional taking has occurred, and that Millison is entitled to compensation under the Just Compensation Clause of the fifth amendment from the defendants acting in their official capacities. Count Two makes the same claim against the defendants in their individual capacities. Count Three claims that the "taking" has created an implied obligation to pay compensation under the due process and supremacy clauses. Count Four requests equitable relief, requiring the defendants to institute condemnation and/or eminent domain proceedings. Count Five claims damages against the County and the individual defendants under 28 U.S.C. § 1983